**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| MARK RAKOWSKI,          ) <br> ) <br> Plaintiff,          ) <br> ) <br> v.          ) <br> ) <br> LENNOX INTERNATIONAL,          ) <br> ) <br> Defendant.          ) <br> ) | Civil Action No. 4:19-cv-0883-ALM |

**JOINT REPORT OF RULE 26(f) ATTORNEY CONFERENCE**

Counsel for the parties to this action conferred on February 18, 2020, in accordance with Federal Rule of Civil Procedure 26(f).  Plaintiff Mark Rakowski ("Plaintiff") and Defendant Lennox International Inc. ("Defendant"), through counsel, now submit the following Joint Report of Attorney Conference.

**I.      Factual and Legal Synopsis**

Plaintiff contends that Defendant violated the Age Discrimination in Employment Act when Defendant terminated Plaintiff.  Plaintiff claims that he was terminated because of his age and that he was replaced by a substantially younger employee.  Defendant denies Plaintiff's allegations and denies that Plaintiff is entitled to any of the relief he seeks.

**II.     Jurisdictional Basis**

Plaintiff states that jurisdiction is proper under 28 U.S.C. § 1343(a)(4) and 28 U.S.C. §§ 1331 and 1337, as this suit was instituted pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.

**III.    Parties**

Plaintiff's correct name is Mark Rakowski.  Defendant's correct name is Lennox International Inc.

At this time, neither party anticipates additional parties being joined in this suit.

**IV.**   **Related Cases**

There are no related cases.

**V.**   **Disclosure**

The parties confirm that they exchanged initial disclosures on March 5, 2020.

**VI.**   **Proposed Scheduling Order Deadlines**

The parties' proposed scheduling order deadlines are attached hereto as Exhibit A.

**VII.**   **Discovery**

   A.   **Subjects, Timing, and Limits**

   The parties discussed the scope of discovery to include all matters arising out of the allegations made by Plaintiff in his Complaint and all damages and defenses. No party requested that the discovery be conducted in phases or limited to particular issues.

   B.   **ESI Disclosure Issues**

   The parties discussed issues related to electronically-stored information and have agreed that responsive and non-privileged electronically stored information generated by or on behalf of either party will be preserved and, if responsive to a duly served discovery request, reasonably accessible, otherwise discoverable and not privileged, will be produced either in printed, hard-copy form, electronically on PDFs either via FTP site or on an external storage device, or in native format if either party requests.

   C.   Privilege and Discovery Preservation

   The parties agree that, in accordance with Federal Rule of Civil Procedure 26(b)(5)(B), the disclosure of information protected by any privilege in this litigation shall not constitute a waiver of any otherwise valid claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter. The parties agree that any inadvertent inclusion of any privileged or work product material in a production in this action shall not result in the waiver of any associated privilege or protective doctrine nor result in a subject matter waiver of any kind. If any such material is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its

      possession, delete any versions of the document on any database it maintains, and make no use of the information contained in the document.

      The parties intend to submit a proposed stipulated protective order under Rule 26(c).

    D.    <u>Changes</u>

      No party requests changes to the limitations on discovery established by the Local Rules or the Federal Rules.

    E.    <u>Other Orders</u>

      At this point, no party has requested any other orders.

**VIII.**    <u>**Settlement**</u>

The parties have engaged in preliminary settlement discussions. The parties agree that some discovery is necessary before further settlement negotiations can proceed.

**IX.**    <u>**Identity of Persons Expected to Be Deposed**</u>

At this time, Plaintiff expects to depose a corporate representative, Joe Nassab, Todd Bluedorn, Phil Halsey, and a human resource representative. Defendant expects to depose Plaintiff. The parties have a dispute about the order of witnesses. When the dispute arose, Defendant served a Notice of Deposition on Plaintiff, setting Plaintiff's deposition for May 6. The parties will continue to meet and confer on this dispute and request a hearing on the matter. Plaintiff has asked for dates in May 2020 for the depositions he intends to take. Defendant is working on getting Plaintiff the dates he has requested, with the exception of a date for Mr. Bluedorn. Mr. Bluedorn is Lennox's Chief Executive Officer, and as a result, Defendant objects to proceeding with Mr. Bluedorn's deposition altogether. Lennox will move for a protective order under the apex deposition doctrine, among other arguments, if and when that becomes necessary. In addition, Defendant agrees to the proposed schedule that the parties submit in Exhibit A based on Plaintiff's counsel's representation that he intends to proceed with these depositions in May 2020. Defendant reserves the right to seek appropriate relief in the event Plaintiff changes his mind and seeks to proceed with any of those depositions after the proposed deadline for dispositive motions. The parties' discovery and investigation are ongoing, and the parties each reserve the right to right to depose others as discovery progresses. Plaintiff does not agree that Defendant should rely on Plaintiff's request to take depositions in May for the setting of any motion for summary judgment deadlines.

X. **Estimated Trial Time and Jury Demand**

The parties in this case estimate that a trial in this case will take four days. Plaintiff made a timely jury demand.

XI. **Names of Attorneys to Appear at Management Conference**

Brian Sanford will appear on behalf of Plaintiff, and Brian Jorgensen will appear on behalf of Defendant.

XII. **Consent to Trial Before Magistrate Judge**

The parties do not jointly consent to trial before a magistrate judge.

XIII. **Other Matters**

There are no other matters that need the Court's attention at this time.

Dated March 9, 2020

|  |  |
|---|---|
|  | Respectfully submitted, |
| */s/ Brian Jorgensen* | /s/ *Brian Sanford* (with permission) |
| Brian Jorgensen | Brian Sanford |
| bmjorgenesen@jonesday.com | Texas State Bar No. 17630700 |
| Texas State Bar No. 24012930 | bsanford@sanfordfirm.com |
| Victoria Bliss | David B. Norris |
| vbliss@jonesday.com | Texas State Bar No. 24060934 |
| Texas State Bar No. 24105479 | dnorris@sanfordfirm.com |
| JONES DAY | THE SANFORD FIRM |
| 2727 North Harwood Street | 1910 Pacific Avenue, Suite 15400 |
| Dallas, Texas 75201 | Dallas, TX 75201 |
| Telephone:  214-220-3939 | Telephone:  214-717-6653 |
| Fax:  214-969-5100 | Fax:  214-919-0113 |
| *Attorneys for Defendant Lennox International Inc.* | *Attorneys for Plaintiff Mark Rakowski* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of March, 2020, I caused the foregoing to be electronically filed with the Clerk of Court for the U.S. District Court, Eastern District of Texas, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                              */s/ Brian M. Jorgensen*
                                                              Brian M. Jorgensen
                                                              ATTORNEY FOR DEFENDANT
                                                              LENNOX INTERNATIONAL INC.

# EXHIBIT A

## PROPOSED SCHEDULING ORDER

The following actions shall be completed by the date indicated:

| | |
|---|---|
| **March 27, 2020** | Deadline for motions to transfer |
| **May 1, 2020** | Deadline to add parties |
| **May 29, 2020** | Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) |
| **June 12, 2020** | Deadline for Plaintiff to file amended pleadings (A motion for leave to amend is required.) |
| **June 26, 2020** | Defendant's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) |
| **June 26, 2020** | Deadline for Defendant's final amended pleadings (A motion for leave to amend is required.) |
| **6 weeks after disclosure of an expert is made** | Deadline to object to any other party's expert witnesses. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection |
| **June 26, 2020** | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions |
| **September 4, 2020** | All discovery shall be commenced in time to be completed by this date |
| **October 9, 2020** | Deadline to notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator |
| **November 20, 2020** | Mediation deadline |
| **November 25, 2020** | Notice of intent to offer certified records |
| **November 25, 2020** | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| **December 3, 2020** | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page number to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. |

|  | Counsel must consult on any objections and only those which cannot be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designation and the court's rulings on objections. |
|---|---|
| **December 8, 2020** | Motions in limine due |
| **December 8, 2020** | File Joint Pretrial Order |
| **December 22, 2020** | Response to motions in limine due |
|  | File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order. (This does not extend deadline to object to expert witnesses.) |
|  | File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law) |