IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARK RAKOWSKI, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Civil Action 4:19-cv-0883-ALM |
| | § | |
| LENNOX INTERNATIONAL, INC., | § | **JURY DEMANDED** |
| | § | |
| *Defendant*. | § | |

## <u>PLAINTIFF'S MOTION IN LIMINE</u>

TO THE HONORABLE AMOS L. MAZZANT:

Plaintiff moves that, before commencement of voir dire examination of the jury, counsel for Defendant Lennox International, Inc., and all witnesses be instructed by an appropriate order from this Court to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters set forth herein without first approaching the bench and obtaining a ruling of the Court, outside the presence of any jurors or prospective jurors, in regard to the admissibility of such matters.

The matters set forth below would not be admissible for any purpose, because they have no bearing on the issues in this case or on the rights of the parties. Permitting witness interrogation, comments to jurors or prospective jurors, or offers of evidence concerning these matters would prejudice the

jury. Sustaining objections to such questions would not cure the prejudice but would instead reinforce the impact of such prejudicial matters on the jury.

**1.      Any reference to the EEOC process.**

Lennox should be prohibited from introducing EEOC documents or communications to and from the EEOC, including any EEOC findings or notices. The EEOC process is not relevant under Fed. R. Evid 402. In addition, the probative value of EEOC communications or notices is substantially outweighed by the danger of unfair prejudice, confusion, or misleading the jury, and should therefore be excluded under FED. R. EVID. 403. Further, the information is inadmissible hearsay; no person associated with the EEOC has been listed as a witness to testify to the communications or notices. FED. R. EVID. 802. Further, to the extent the communications or notices are recorded recollection, they may not be used unless it is shown that the events were fresh in the memory at the time written and then only read into the record and not received as an exhibit. FED. R. EVID. 801, 802. Further, such evidence is inadmissible character evidence. FED. R. EVID. 404(b), 608(b). Defendant's counsel and their witnesses should be instructed not to suggest to the jury, directly or indirectly, in any manner whatsoever, EEOC findings or right to sue. FED. R. EVID. 401, 402, 403.

**2.    Any statement that a witness lied under oath or committed perjury.**

An accusation that a witness has lied under oath or committed perjury

would be conclusory and will unfairly prejudice the jury, confuse the issues,

mislead the jury, and waste time. *See* FED. R. EVID. 403.

**3.    Any statements that reference alleged complaints or feedback by tech support team under which Mr. Rakowski was the leader as hearsay.**

Baxter Krutch, individually and as Corporate Representative, testified

to the  following in his deposition:

> I received feedback from members of the
> tech support team, under which Mark was the leader of,
> on several instances that -- upon the time which he
>  resumed direct leadership because there was a vacancy in
> the manager of the department, that the morale, the
> engagement, and the satisfaction of the team was -- was
> declining as a result of his leadership style and the
> interactions he had with the team up to and including
> the process of backfilling the position with some
> potential internal candidates and how that was handled.
>
> And the conversations that Mark had with
> the team moving through that process resulted in
> employees resigning from the organization, making
> statements along the conversations of, I can't work
> for -- I can't work for somebody like that.

Krutsch Depo. (Pages 15:23 to 16:12).

Mr. Krutsch testified that Jason Lotsey resigned due to the alleged

behavior of Defendant. (Krutsch Depo., Page 16:13 to 16:15). He testified that

Kyle Brown applied for a position and ultimately transferred to a different

department due to the alleged behavior of Defendant. (Krutsch Depo., Page 16:22 to 16:24).

Mr. Krutsch stated that Mr. Brown "told me, the only time that Mark comes up is when he is mad and there's a problem and he just points at the numbers and doesn't ask for any context or understand what we go through on a day-to-day basis; the only time he comes and talks to us is when he's mad at us." (Baxter Depo.. Page 17:3 to 17:8). Mr. Krutsch testified that Mr. Lotsey and Mr. Brown "both spoke afterwards how that conversation went and both shared that he ultimately told them the same thing, that he was personally grooming each one of them for that position in the future, made the same -- in -- in their viewpoint, the same promise to each of them, in essence, being perceived to them as he was lying to them, and they can't work for somebody who's not going to be honest with them." (Krutsch Depo., Page 17:11 to 17:19).

The statements by Mr. Krutsch, Mr. Lotsey, Mr. Brown, and "members of the tech support team" are hearsay, and Mr. Rakowski disputes them. Mr. Lotsey and Mr. Brown were not identified by Lennox as persons with relevant knowledge. The statements are inadmissible hearsay. FED. R. EVID. 801, 802. The required identification of these persons were not provided in discovery. FED. R. CIV. P. 26.

4.      **Any out of court statements that reference alleged performance issues told by others about Mr. Rakowski.**

Out of court statements told or expressed to witnesses about the performance of Mr. Rakowski are hearsay. They are inadmissible hearsay. FED. R. EVID. 801, 802.

5.      **Any statements that reference alleged attorneys considering actions or documents and blessing or confirming the actions or documents as non-discriminatory or complying with the law.**

Attorneys have not been designated as persons with knowledge of facts in the case and are not listed to testify except as to attorneys' fees post-trial. Making references to attorneys reviewing, giving opinions, or acknowledging that actions or documents relevant to this case are not discriminatory or are in compliance with the law is in admissible hearsay. FED. R. EVID. 801, 802. In addition, the probative value of the involvement of attorneys is substantially outweighed by the danger of unfair prejudice, confusion, or misleading the jury, and should therefore be excluded under FED. R. EVID. 801, 802.

6.      **General statements that Lennox does not discriminate.**

Discovery was limited in this case to treatment of comparators and the history of persons as comparators. To make blanket statements that Lennox does not discriminate by a witness could not possibly be made upon personal knowledge of any one person and would open the door to evidence company-

wide concerning the treatment of all employees. General statements that Lennox does not discriminate should be excluded on the basis of hearsay, unfair prejudice, and limitations on discovery. *See* FED. R. EVID. 801, 802; FED. R. EVID. 403; FED. R. CIV. P. 26.

WHEREFORE, Plaintiffs request that, before commencement of voir dire examination of the jury, counsel for Defendant and all witnesses be instructed by an appropriate order from this Court to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters set forth herein without first approaching the bench and obtaining a rule of the Court, outside the presence of any jurors or prospective jurors, in regard to the admissibility of these matters.

Respectfully submitted,

 */s/ Brian P. Sanford*
Brian P. Sanford
Texas Bar No. 17630700
bsanford@sanfordfirm.com
Elizabeth "BB" Sanford
Texas Bar No. 24100618
esanford@sanfordfirm.com

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph:  (214) 717-6653
Fax: (214) 919-0113

**ATTORNEYS FOR PLAINTIFF
MARK RAKOWSKI**

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2021, I electronically served the foregoing document on all counsel of record via the Court's electronic filing system.

*/s/ Brian P. Sanford*

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 7, 2021, I conferred with counsel for Defendant and this motion is opposed where indicated.

*/s/ Brian P. Sanford*