IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MARK RAKOWSKI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 4:19-cv-0883-ALM |
| | ) |
| LENNOX INTERNATIONAL INC., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**DEFENDANT LENNOX INTERNATIONAL INC.'S OPPOSED MOTIONS IN LIMINE TO EXCLUDE EVIDENCE UNRELATED TO PLAINTIFF MARK RAKOWSKI'S EMPLOYMENT AND TERMINATION**

Before the voir dire examination of the jury panel, Defendant Lennox International Inc. submits these motions in limine to exclude matters that are inadmissible, irrelevant, and unduly prejudicial with respect to the material issues in this case. The purpose of a motion in limine is to prohibit opposing counsel "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977). "[D]istrict courts are afforded wide discretion in determining the relevance and admissibility of evidence under Fed. R. Evid. 401 and 402, and a district court's ruling on admissibility under Rule 403's balancing test will not be overturned on appeal absent a clear abuse of discretion." *Babin v. Plaquemines Par.*, 421 F. Supp. 3d 391, 395 (E.D. La. 2019). Lennox asks the Court to prohibit Plaintiff Mark Rakowski and his counsel and witnesses from referring, directly or indirectly, in any manner, in the presence of the jury panel or the jury, to the matters stated below without first

1

asking—outside the presence of the jury panel or the jury—for a ruling from the Court regarding the admissibility of such evidence.

## ARGUMENT

**I.     Evidence of Allegations of Discrimination, Harassment, or Other Unlawful Employment Practices Made By Anyone Other Than Plaintiff and Those Similarly Situated to Plaintiff Must Be Excluded.**

Evidence of and references to lawsuits filed and internal complaints lodged by individuals who are not similarly situated to Plaintiff should be excluded because such evidence is inadmissible, irrelevant, and more prejudicial than probative. Specifically, but not exclusively, Lennox seeks to exclude the following categories of documents produced or requested by Plaintiff in this action: (1) documents related to allegations of sexual harassment by former Lennox employee Victoria Brunson and (2) documents related to *Foster v. Lennox Industries, Inc.*, Civ. Nos. 4-96-1083, 97-1540, an unrelated age discrimination case involving the field sales force of Lennox Industries (a Lennox subsidiary) that settled in 1998.

First, complaints by non-similarly situated employees are irrelevant because such evidence does not make any fact of consequence more or less probable. *See* FED. R. EVID. 401. The sole question before the jury in this case is whether Plaintiff was the subject of age discrimination. Complaints and allegations involving different locations, time periods, legal theories, Lennox subsidiaries, departments, and decision-makers have no probative value in this single-plaintiff age discrimination case. *See Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000) ("Anecdotes about other employees cannot establish that discrimination was a company's standard operating procedure unless those employees are similarly situated to the plaintiff." (citation omitted)); *Carley v. Crest Pumping Techs., L.L.C.*, No. MO:15-CV-00161-DC, 2016 WL 8849697, at *1 (W.D. Tex. Aug. 21, 2016) (granting motion in limine and excluding evidence related to

other lawsuits that involved neither the same type of claim nor similarly situated employees); *Mindrup v. Goodman Networks, Inc.*, Civ. Action No. 4:14-CV-00157, 2015 WL 11089474, at *1 (E.D. Tex. Oct. 19, 2015) (Mazzant, J.) (granting motion in limine and excluding "[e]vidence regarding alleged discrimination, harassment or unlawful employment practices other than those allegedly experienced by Plaintiff").

Second, such evidence is inadmissible because it is improper "prior acts" evidence. *See* FED. R. EVID. 404(b). Under Rule 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Three factors govern the admissibility of evidence of prior acts: "(1) relevance to an issue other than character, (2) probative value outweighing the potential for prejudice, and (3) proof that the offense was in fact committed." *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1465 (5th Cir. 1992). For the reasons discussed above, the Brunson allegations and *Foster* case—and other matters like them—are irrelevant to any issue other than character. Further, the potential for prejudice outweighs any limited probative value, and there is no proof that any alleged offense was actually committed. Brunson never brought suit on her allegations, and *Foster* settled in 1998. There was no judgment or finding of liability in either case, and therefore, no proof that Lennox or any of its employees violated any law.

Third, the Consent Decree—the only court document related to *Foster* that Plaintiff produced—is excludable pursuant to its express terms, and the news article related to the Consent Decree is hearsay. The Consent Decree specifically states, "This Consent Decree . . . shall not be introduced in any judicial or administrative proceeding for any purpose, except to enforce its terms." And the May 11, 1998 Dallas Business Journal article about the Consent Decree titled "Lennox Settles Lawsuit" is hearsay that does not fall under any exception to the rule against hearsay. *See*

*Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005) (stating that newspaper articles are "classic, inadmissible hearsay"); *see also* FED. R. EVID. 801, 802.

Finally, any slight probative value of evidence related to other litigation or complaints is substantially outweighed by the risk of unfair prejudice to Lennox. *See* FED. R. EVID. 403. Such evidence would mislead the jury by distracting them from the central issue in the case, open the door to collateral issues, and prejudice Lennox. The great risk of misleading the jury, confusing the issues, and prejudice, combined with the complete lack of a nexus to Plaintiff's claims in this action, renders such evidence inadmissible under Rule 403.

For the foregoing reasons, evidence of alleged discrimination, harassment or other unlawful employment practices—with the exception of allegations of age discrimination made by Plaintiff and employees similarly situated to Plaintiff—is inadmissible under Federal Rules of Evidence 401, 402, 403, and 404 and/or 801 and 802 and should be excluded.

**II.     Evidence of Lennox's Financials Is Irrelevant and Unduly Prejudicial.**

Evidence of and references to Lennox's net worth, assets, or financial condition should be excluded because it is irrelevant and more prejudicial than probative. Plaintiff brings only one cause of action in this case—age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* Punitive damages are not available under the ADEA. *See Smith v. Berry Co.*, 165 F.3d 390, 395 (5th Cir. 1999). The ADEA provides for liquidated damages if a jury finds that a defendant's actions were willful; however, the liquidated damages award is fixed at an amount equal to the back pay award. *Tyler v. Union Oil Co.*, 304 F.3d 379, 401 (5th Cir. 2002). Therefore, Lennox's finances are irrelevant to this matter, and evidence on this topic must be excluded. *See, e.g.*, *King v. CVS Caremark Corp.*, Case No. 1:12-CV-1715, 2015 U.S. Dist. LEXIS 183350, at *12 (N.D. Ala. Feb. 8, 2015) (granting motion in

limine and excluding evidence of employer's net worth as irrelevant because punitive damages are not recoverable under the ADEA); *Faulstick v. S. Tire Mart, LLC*, Civ. Action No. 2:13-cv-65, 2014 WL 4055571, at *3 (S.D. Miss. Aug. 14, 2014) (excluding as irrelevant evidence of defendant's "net worth, financial condition, or financial status" in ADEA case). In addition, any slight probative value of this evidence is substantially outweighed by the risk of unfair prejudice to Lennox, and such evidence would waste time, cause undue delay, and mislead the jury. *See* FED. R. EVID. 403.

### III. Evidence of Lennox Employees' Financial Status Should Be Excluded.

Relatedly, evidence of and references to the net worth, compensation,[1] home size, or any other information related to the wealth or finances of employees of Lennox and its subsidiaries should be excluded. Such evidence is completely irrelevant to the single issue in this case: whether Lennox terminated Plaintiff because of his age. This evidence also is more prejudicial than probative because it would create a substantial risk that the jury may rule based on sympathy rather than the facts and law, confuse the issues, waste time, and prejudice Lennox. *See* FED. R. EVID. 403; *cf. Innovention Toys, LLC v. MGA Entm't, Inc.*, Civ. Action No. 07-6510, 2012 U.S. Dist. LEXIS 156733, at *11 (E.D. La. Nov. 1, 2012) (finding it improper "to appeal 'to the sympathy of jurors through references to the relative wealth of the defendants in contrast to the relative poverty of the plaintiff[]'" (citing *Adams Lab'ys, Inc. v. Jacobs Eng'g Co.*, 761 F.2d 1218, 1226 (7th Cir. 1985))).

---

[1] Lennox does not object to the admissibility of evidence of compensation paid to Plaintiff and other Directors of Engineering, including Greg Goetzinger, Mark Diesch, and Jeff Butler.

**IV.     General Information About or Statistics on Age Discrimination Are Irrelevant and Unduly Prejudicial.**

Lennox requests that this Court preclude Plaintiff from offering into evidence or making references to documents, testimony, or other sources containing general statements on and statistics relating to age discrimination.  Specifically, but not exclusively, Lennox seeks to exclude the following documents upon which Plaintiff relied in certain depositions:  (1) a December 30, 2019 AARP article titled "Workplace Age Discrimination Still Flourishes in America," attached hereto as **Exhibit A**; (2) the Congressional statement of findings and purpose for the ADEA, 29 U.S.C. § 621, attached hereto as **Exhibit B**; and (3) a publication by the Equal Employment Opportunity Commission titled "Fact Sheet: Age Discrimination," attached hereto as **Exhibit C**.  Such evidence is inadmissible, irrelevant, likely to mislead and distract the jury, and prejudicial to Lennox.  Accordingly, it should be excluded.

All of these documents, and any similar evidence, are irrelevant because they do not make any fact of consequence in this case more or less probable.  FED. R. EVID. 401.  National statistics and general commentary on age discrimination do not make it any more or less likely that Lennox discriminated against Plaintiff because of his age.  Therefore, such evidence is irrelevant and must be excluded.  *See* FED. R. EVID. 401, 402.  Such evidence also must be excluded because it is more prejudicial than probative.  It would mislead the jury by distracting them from the central issue in this single-plaintiff case, create a substantial risk that the jury would make a decision based on an emotional response rather than the facts, and prejudice Lennox.  *See* FED. R. EVID. 403.

The AARP article must be excluded for the additional reason that it is hearsay not subject to any exception.  *See* FED. R. EVID. 801, 802.  As noted above, news articles are "classic, inadmissible hearsay," and the AARP article is no different.  *Roberts*, 397 F.3d at 295.  Therefore, the Court should prevent Plaintiff from introducing the AARP article to the jury.

## V. References to Jones Day's Size, Resources, Billing Rates, or Typical Clients Should Not Be Permitted.

The Court should exclude any reference to Lennox's retention of Jones Day. Reference to, *inter alia*, the size, resources, or billing rates of Jones Day, other matters handled by Jones Day, or the clients or types of clients typically represented by Jones Day is irrelevant and prejudicial. *See* FED. R. EVID. 401-03; *see also Mindrup*, 2015 WL 11089474, at *3 (granting motion in limine and excluding evidence of "type or character of the legal practice" of the defendant's law firm, the "size or location" of the firm, and the fact that the firm "typically represents corporations, corporate interests or the like").

## **CONCLUSION**

For the foregoing reasons, the Court should grant Lennox's Motions and instruct Plaintiff and his counsel and witnesses not to mention, refer to, ask about, or attempt to convey to the jury panel or jury, either directly or indirectly, any of the subjects listed above without first obtaining a ruling from the Court outside the presence and hearing of the jury panel or jury.

Dated June 7, 2021                                    Respectfully submitted,

                                                                     */s/ Brian M. Jorgensen*
James A. Reeder, Jr.
Texas State Bar No. 16695010
JONES DAY
717 Texas, Suite 3300
Houston, Texas 77002
Phone: 832-239-3939
Fax: 832-239-3600
Email: jareeder@jonesday.com

Brian M. Jorgensen
Texas State Bar No. 24012930
Victoria L. Bliss
Texas State Bar No. 24105479
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Phone: 214-220-3939
Fax: 214-969-5100
Email: bmjorgensen@jonesday.com
        vbliss@jonesday.com

***Attorneys for Defendant Lennox International Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2021, I caused the foregoing to be electronically filed with the clerk of court for the U.S. District Court for the Eastern District of Texas, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                      */s/ Brian M. Jorgensen*
                                                      Brian M. Jorgensen
                                                      Attorney for Defendant Lennox International Inc.

**CERTIFICATE OF CONFERENCE**

I hereby certify that on June 7, 2021, I conferred by phone with Mr. Brian Sanford, counsel for Plaintiff, regarding the foregoing Motion, and he advised me that Plaintiff opposes this motion.

>	*/s/ Brian M. Jorgensen*
>	Brian M. Jorgensen
>	Attorney for Defendant Lennox International Inc.