IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARK RAKOWSKI, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Civil Action 4:19-cv-0883-ALM |
| | § | |
| LENNOX INTERNATIONAL, INC., | § | **JURY DEMANDED** |
| | § | |
| *Defendant*. | § | |

## PLAINTIFF'S TRIAL BRIEF ON FORESEEABILITY

TO THE HONORABLE AMOS L. MAZZANT:

Plaintiff Mark Rakowski submits this brief concerning the relevance of foreseeability in the trial of this case.

The foreseeability that a person at Lennox International, Inc., including Mr. Rakowski, could be discriminated against because of his age is relevant to the claims in this case. As an initial matter, negligence is relevant. "Negligence sets a minimum standard for Title VII liability." *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 744 (1998). Title VII's primary objective is a prophylactic one; it aims, chiefly, not to provide redress but to avoid harm. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 545 (1999) (quoting *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 417 (1975) and *Faragher v. City of Boca Raton*, 524 U.S. 775, 806 (1998). "Negligence sets a minimum standard for Title VII liability." *Burlington Indus., Inc. v. Ellerth,*

524 U.S. 742, 744 (1998). "When Congress creates a federal tort it adopts the background of general tort law." *Staub v. Proctor Hosp.,* 562 U.S. 411, 417 (2011). For example, an employer is liable for harassment by a co-worker if the employer "negligent in controlling working conditions" or "with respect to the offensive behavior." *Vance v. Ball State Univ,* 570 U.S. 421, 428 (2013). "Evidence that an employer did not monitor the workplace, failed to respond to complaints, failed to provide a system for registering complaints, or effectively discouraged complaints from being filed would be relevant." *Id.* at 448-49. Foreseeability is an essential ingredient of negligence. *Gray v. Alabama Great S. R.R. Co.,* 960 F.3d 212, 216 (5th Cir. 2020). *See also McRaney v. N. Am. Mission Bd. of the S. Baptist Convention, Inc.*, 966 F.3d 346, 349 (5th Cir. 2020), cert. denied, 141 S. Ct. 2852 (2021) (determination of foreseeable harm).

The greater the potential injury to the employee, the greater care the employer must take. *See Baskerville v. Culligan Intern. Co.*, 50 F.3d 428, 432 (7th Cir. 1995). ("Just as in conventional tort law a potential injurer is required to take more care, other things being equal, to prevent catastrophic accidents than to prevent minor ones, so an employer is required to take more care, other things being equal, to protect its female employees from serious sexual harassment than to protect them from trivial harassment."). Negligence law serves many purposes in our society; the main purposes are:

>   (1)   to provide a peaceful means for adjusting the rights of parties who might otherwise 'take the law in their own hands';
>
>   (2)   to deter wrongful conduct;
>
>   (3)   to encourage socially responsible behavior; and
>
>   (4)   to restore injured parties to their original condition, insofar as the law can do this, by compensating them for their injury.

*Prosser, Wade and Schwartz's Torts Cases and Materials § 1 at 1-2*, (11th ed 2005). *See also Prosser & Keeton on the Law of Torts § 4, at 20-26 (5th ed. 1984)*; *Restatement 2d. of Conflicts*, Sec. 145 ("To some extent, at least, every tort rule is designed both to deter other wrongdoers and to compensate the injured person.").

Because it is possible for an employer to discriminate without doing so willfully, a jury was entitled to reject the employer's claim that it "believed" the plaintiff had resigned voluntarily. *Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 481 (5th Cir. 2007), order clarified (Sept. 27, 2007) (ADEA case). Foreseeability also relates to liquidated or punitive damages, which are awarded when "Defendant's conduct involves reckless or callous indifference to the plaintiff's federally protected rights . . . ." *Smith v. Wade*, 461 U.S. 30 (1983).

WHEREFORE, the foreseeability of violations under the Age Discrimination in Employment Act are relevant to this case.

Respectfully submitted,

*/s/ Brian P. Sanford*
Brian P. Sanford
Texas Bar No. 17630700
bsanford@sanfordfirm.com
Elizabeth "BB" Sanford
Texas Bar No. 24100618
esanford@sanfordfirm.com

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph: (214) 717-6653
Fax: (214) 919-0113

**ATTORNEYS FOR PLAINTIFF
MARK RAKOWSKI**

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2021, I electronically served the foregoing document on all counsel of record via the Court's electronic filing system.

*/s/ Brian P. Sanford*