# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| MARK RAKOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 4:19-cv-0883-ALM |
| | ) | |
| LENNOX INTERNATIONAL INC., | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S PRE-TRIAL BRIEF EXPLAINING
## LENNOX'S OBJECTION TO PLAINTIFF'S EXHIBIT 16

At the Final Pretrial Conference on November 29, 2021, counsel for Plaintiff shared his Exhibit 16 (attached as Exhibit A) with counsel for Lennox for the first time. Plaintiff's counsel also stated that he intended to use that exhibit in his opening statement. Lennox previously objected to this exhibit in its Objections to Plaintiff's Trial Exhibit List (Dkt. 34) on the grounds that Plaintiff did not provide a Bates range or a description that enabled Lennox to determine what this exhibit is. Lennox also objected because the exhibit has not been disclosed or shown to its counsel. Now that Lennox has had an opportunity to review this exhibit, and because of Plaintiff's intent to use the exhibit during his opening statement, it files this pretrial brief in order to explain additional bases for its objection to Plaintiff's Exhibit 16. Lennox objects to the exhibit on the following grounds.

1. It is inaccurate. Plaintiff asserted at the Final Pretrial Conference that Plaintiff's Exhibit 16 is a "summary exhibit," presumably pursuant to FED. R. EVID. 1006, alleging that it was compiled from one of Lennox's exhibits. It is unclear what Plaintiff's Exhibit 16 purports to show, let alone what Plaintiff's counsel intends to use it for. It clearly does not show individuals at Allied Air who Plaintiff claims Joe Nassab terminated dating back to 2010 and who were replaced by younger workers. And yet, that seems to be the only inference Plaintiff's counsel intends to convey by its use. Plaintiff's Exhibit 16 may have been at least partially compiled based on information contained in Lennox's Exhibit 33. But other information is included in

Plaintiff's Exhibit 16 that is not included in Lennox's Exhibit 33, or in any other documents that have been produced in this case for that matter. Specifically, Plaintiff's Exhibit 16 includes "Termination Dates," ages, replacements, and ages of replacements for Dan Seaman and Randy Smith. These two individuals do not appear in Lennox's Exhibit 33, and any information about these two individuals do not appear in any other "voluminous writings, recording, or photographs" that have been produced in this case, as required by Rule 1006. Accordingly, as a threshold matter, Plaintiff's Exhibit 16 does not qualify as an admissible summary under FED. R. EVID. 1006, as it contains information from multiple unknown sources.

2. Plaintiff's Exhibit 16 contains other inaccuracies as well, as many of the people listed on the exhibit were not "terminated;" rather, they left Allied Air voluntarily or otherwise retired, *i.e.*, Steve Wood, Don Buel, Kim Stormer, Tom East, Wade Ellis, and Yvonne Henry. Shelton (Drew) Cooper was not even terminated; he still works at the Company. Other than Seaman, Smith, and Cooper, the reason for each of these individual's departure from Lennox is set forth on Defendant's Exhibit 33, and those reasons are not accurately reflected on this document. For this additional reason, Plaintiff's Exhibit 16 is not a proper summary under FED. R. CIV. 1006 and is inaccurate and misleading and should not be admitted under Rules 401-404.

3. There is no evidence in the record that any of these individuals ever complained of age discrimination. Nor is there any evidence in the record as to the circumstances surrounding their departures from the Company. Plaintiff even testified in his deposition that he did not know why many of these individuals left the Company, and none of them are going to be called to testify in this case. (*See, e.g.,* Ex. B. Rakowski Deposition at 147:11-158:20.) Yet, it appears Plaintiff intends to infer that Nassab discriminated against these individuals based on age. The Court has already granted Lennox's Opposed Supplemental Motion in Limine to Exclude Testimony not Based on First-Hand Knowledge ("MIL VI") (Dkt. 45), in which Lennox requested that Plaintiff be prohibited from testifying about the reasons for any former Lennox employees' departures of which he has no first-hand knowledge. Thus, for the same reasons set forth in Lennox's MIL VI, Plaintiff's Exhibit 16 should be excluded from evidence

4. Mark Rakowski did not report directly to Joe Nassab; rather, he reported to Phil Halsey. Regardless, even if Nassab was Plaintiff's supervisor, many of the individuals listed on Plaintiff's Exhibit 16, *i.e.* – Dan Seaman, Randy Smith, Don Buel, Tom East, Yvonne Henry, and George Terrence – did not report directly to Nassab. They were two levels below Nassab. Accordingly, even if they were terminated, they are not similarly situated to Plaintiff. This Court has already granted Lennox's Motion in Limine I (Dkt. 27), in which Lennox requested that evidence regarding alleged discrimination made by anyone other than Plaintiff and those similarly situated to Plaintiff be excluded. As no individual reported to Phil Halsey on Plaintiff's Exhibit 16, and 6 out of the 13 listed did not even report to Joe Nassab, for the same reasons set forth in Lennox's Motion in Limine I, Plaintiff's Exhibit 16 should not be admitted.

5. The chart constitutes inadmissible hearsay. *See* FED. R. EVID. 802.

6. In general, any slight probative value of evidence relating to other individuals' departures from the company is substantially outweighed by the risk of unfair prejudice to Lennox. *See* FED. R. CIV. 403. Such evidence would mislead the jury by distracting them from the central issue in the case, open the door to collateral issues, and prejudice Lennox. The great risk of misleading the jury, confusing the issues, and prejudice, combined with the complete lack of a nexus to Plaintiff's claims in this action, renders such evidence inadmissible under Rule 403.

Additional specificity regarding each of the individuals listed in Plaintiff's Exhibit 16 is listed below.

| Name | Position | Reason for Termination/Notes |
|---|---|---|
| Dan Seaman | General Manager | Seaman was Nassab's predecessor. Seaman was not terminated; he retired. Plaintiff still claims he was terminated. But he testified he does not know who made the decision. In addition, Plaintiff testified he knows nothing about the circumstances of the decision to terminate. Finally, Seaman's departure occurred in 2010, over 9 years before Plaintiff's. |
| Randy Smith | VP of Manufacturing | Smith did not report to Nassab. Plaintiff testified he does not know who made the decision to "terminate" Smith. In addition, Plaintiff testified he knows nothing about the circumstances of the decision to terminate Smith. Not to mention, Smith's departure occurred in 2010, over 9 years before Plaintiff's. |
| Steve Wolfe | Director HR | Wolfe was terminated for performance in 2011, over eight years before Plaintiff was terminated. |
| Steve Wood | Director Sales | Wood was not terminated. He retired. |
| Don Buel | Manager | Buel did not report directly to Nassab. In addition, Buel was not terminated. He retired. |
| Kim Stormer | Director Logistics | Stormer was not terminated. He retired. Notably, he was also replaced by Paul Larkin, who is now 57. |
| Tom East | Manager | East did not report directly to Nassab. In addition, the reason for his departure on Lennox's Exhibit 33 is "voluntary quit." |

| Name | Position | Reason for Termination/Notes |
|---|---|---|
| Wade Ellis | Director HR | Ellis was not terminated. The reason for Ellis's departure is listed on Lennox's Exhibit 33 is "left for family reasons." He was only 43 when he left. |
| Rich Ford | VP Sales | Defendant's Exhibit 33 states that Ford was terminated for performance reasons. |
| Yvonne Henry | Manager | Henry left voluntarily for "career advancement." She also did not report to Nassab. |
| Mark Rakowski | Director Engineering | Phil Halsey terminated Rakowski for performance. |
| Terrence George | Manager | George was terminated for performance, but did not report to Nassab. |
| Shelton (Drew) Cooper | Director Sales | Cooper was demoted, not terminated. The demotion occurred in 2011. Cooper still works at the company. |

Dated December 2, 2021

Respectfully submitted,

/s/ *James A. Reeder, Jr.*
James A. Reeder, Jr.
Texas Bar No. 16695010
**JONES DAY**
717 Texas, Suite 3300
Houston, Texas 77002
Ph: (832) 239-3939
Fax: (832) 239-3600

Brian M. Jorgensen
Texas Bar No. 24012930
bmjorgensen@jonesday.com
**JONES DAY**
2727 North Harwood Street
Dallas, Texas 75201
Ph: (214) 220-3939
Fax: (214) 969-5100
Email: jareeder@jonesday.com
bmjorgensen@jonesday.com

***Attorneys for Defendant Lennox International Inc.***