IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARK RAKOWSKI, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Civil Action 4:19-cv-0883-ALM |
| | § | |
| LENNOX INTERNATIONAL, INC., | § | **JURY DEMANDED** |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON MITIGATION

TO THE HONORABLE AMOS L. MAZZANT:

Plaintiff Mark Rakowski moves the Court for judgment as a matter of law on Defendant Lennox International, Inc.'s affirmative defense of failure to mitigate damages.

At trial, Lennox did not produce any evidence showing the availability of substantially equivalent employment, a necessary element of the affirmative defense. Mr. Rakowski requests a judgment as a matter of law dismissing Lennox's affirmative defense that Mr. Rakowski failed to mitigate his damages. Mr. Rakowski requests that the jury instructions on mitigation and the jury question concerning mitigation be removed from the proposed instructions and verdict form. Mr. Rakowski further requests an instruction that the Court has resolved the mitigation issue against Lennox.

*Plaintiff's Motion for Judgment as a Matter of Law on Mitigation*      Page 1

If a party has been fully hard on an issue during a jury trial and the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the Court may resolve the issue against the party and grant a motion for judgment as a matter of law against the party on a defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. FED. R. CIV. P. 50(a). A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. *Id.*

To prevail on an affirmative defense for failure to mitigation in a discrimination case, a defendant to demonstrate that the plaintiff failed to apply to substantially equivalent employment, regardless of whether the plaintiff's efforts to obtain employment were reasonable. *See Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir. 1972); *Garcia v. Harris County*, 2019 WL 132382, at *2 (S.D. Tex. Jan. 8, 2019). Under *Sparks*, Lennox must provide evidence as to *both* (1) whether Garcia made a reasonable effort to obtain employment and (2) whether Garcia failed to apply to substantially equivalent employment that was available during the time in question. *See id.*

"Substantially equivalent employment is employment that 'affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status'" as the employment from which the plaintiff was terminated. *Floca v. Homecare Health Servs., Inc.*, 845 F.2d 108, 111 (5th Cir. 1988). Even viewing the evidence in the light most favorable to Lennox, Lennox has not provided any evidence, or arguments from evidence, that substantially equivalent employment existed to which Mr. Rakowski failed to apply.

Mr. Rakowski testified that there were zero positions that were substantially equivalent in Columbia, South Carolina. (Rough Draft Transcript 12-9-2021, p. 196). Lennox's expert testified that she relied on statistics from the Department of Labor on how long men with his age in 2019 were unemployed. (Rough Draft Transcript, 12-10-2021, pp. 289-90). The expert did not present any evidence of the availability of substantially equivalent employment. Lennox failed to produce any evidence of *any* other available employment, much less substantially equivalent employment. The record only includes evidence of jobs to which Mr. Rakowski did apply. This is not sufficient. *See Garcia* at \*3. Accordingly, Mr. Rakowski is entitled to a judgment as a matter of law on Lennox's mitigation defense and requests an

instruction be given to the jury to disregard Lennox's arguments at trial that Mr. Rakowski failed to mitigate his damages.

WHEREFORE, Plaintiff request the Court to enter a judgment as a matter of law on Lennox's mitigation defense and requests that an instruction be given to the jury to disregard Lennox's arguments at trial that Mr. Rakowski failed to mitigate his damages.

    Respectfully submitted,

    /s/ Brian P. Sanford
    Brian P. Sanford
    Texas Bar No. 17630700
    bsanford@sanfordfirm.com
    Elizabeth "BB" Sanford
    Texas Bar No. 24100618
    esanford@sanfordfirm.com

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph: (214) 717-6653
Fax: (214) 919-0113

**ATTORNEYS FOR PLAINTIFF MARK RAKOWSKI**

## CERTIFICATE OF SERVICE

I hereby certify that December 11, 2021, I electronically served the foregoing document on all counsel of record via the Court's electronic filing system.

    /s/ Brian P. Sanford