# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| MARK RAKOWSKI, § § | |
| *Plaintiff*, § | |
| § | Civil Action No.  4:19-cv-00883 |
| v. § | Judge Mazzant |
| § | |
| LENNOX INTERNATIONAL, INC., § | |
| § | |
| *Defendant*. § | |

## FINAL INSTRUCTIONS ON AGE DISCRIMINATION

**MEMBERS OF THE JURY:**

Plaintiff claims he would not have been discharged but for his age. Defendant denies Plaintiff's claims and contends that it terminated Plaintiff because he demonstrated an unacceptable level of leadership, communication, and engagement in the business.

Under the Age Discrimination in Employment Act of 1967, otherwise known as the ADEA, it is unlawful for an employer to discriminate against an employee because of the employee's age. To prove unlawful discrimination, Plaintiff must prove by a preponderance of the evidence that:

1. He was terminated;

2. He was 40 years or older when he was terminated; and

3. Defendant would not have terminated him but for his age.

Plaintiff must prove that but for his age, Defendant would not have terminated him. However, Plaintiff does not have to prove that age was the sole reason Defendant terminated him. But Plaintiff must prove that Defendant's decision to terminate him would not have occurred in the absence of his age. If you do not believe Defendant's stated reason for its decision to terminate Plaintiff, you may, but are not required to, find that Defendant would not have terminated Plaintiff but for his age.

**CONSIDER DAMAGES ONLY IF NECESSARY**

If you find that Defendant violated the ADEA, then you must determine whether it has caused Plaintiff damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff has proved liability.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: the amounts the evidence shows Plaintiff would have earned had he remained an employee of Defendant to the date of your verdict, including benefits such as life and health insurance, stock options, or contributions to retirement, minus the amounts of earnings and benefits, if any, that Defendant proves by a preponderance of the evidence Plaintiff received in the interim.

Plaintiff asserts that Defendant's alleged age discrimination was willful. If you find that Defendant would not have terminated Plaintiff but for his age, then you must also determine whether Defendant's action was willful. To establish willfulness, Plaintiff must also prove that, when Defendant terminated him, Defendant either (a) knew that its conduct violated the ADEA, or (b) acted with reckless disregard for whether its conduct complied with the ADEA. A plaintiff who proves that his former employer acted willfully in violating the ADEA is entitled to additional damages.

**Mitigation of Damages**

Defendant asserts that Plaintiff failed to mitigate his damages. To prevail on this defense,

Defendant must show, by a preponderance of the evidence: (a) there was substantially equivalent employment available; (b) Plaintiff failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff's damages were increased by his failure to take such reasonable actions.

"Substantially equivalent employment" means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job Plaintiff lost. Plaintiff does not have to accept a job that is dissimilar to the one he lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff's diligence should be evaluated in light of his individual characteristics and the job market.

**SIGNED this 13th day of December, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE